IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JANELL HOWARD**,

    Plaintiff,

    v.

**CITY OF COOS BAY**, an Oregon Municipal Corporation; and **RODGER CRADDOCK**, in his individual capacity,

    Defendants.

_____

**Civ. No. 6:12-cv-01372-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, a former Finance Director for the City of Coos Bay, was terminated in September 2008. In September 2009, plaintiff filed suit (Howard I) against Coos Bay and her former supervisor Charles Freeman for various claims arising from her termination. On November 2, 2011, a jury awarded plaintiff $201,000 in damages for First Amendment Retaliation. Plaintiff subsequently filed this suit (Howard II) against Coos Bay and Rodger Craddock for refusing to consider her employment application for the vacant Finance Director position between June and November 2011. This Court, awarded summary judgment to defendants based on issue and claim preclusion. Defendants now seek costs other than attorney's fees under FRCP [54(d)(1)](#) in the amount of $2,125.80. Plaintiff objects to defendants' request. The issue before this Court is whether to exercise its discretion and refuse to award costs. Because plaintiff failed to demonstrate why costs should not be awarded, this Court awards costs to defendants in the amount of **$2,125.80**.

1 – OPINION AND ORDER

FRCP 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *Nat'l Info. Serv., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

Plaintiff contends that this Court should deny defendants' costs because (1) allowance of costs would "have a severe chilling effect" and (2) plaintiff has limited financial resources. Pl.'s Objections to Defs.' Bill of Costs 2–3, ECF No. 68. In the alternative, plaintiff seeks to reduce the costs to the extent they were unnecessary to the litigation. *Id*. at 4.

First, as to the potential chilling effect on future civil rights litigants, this is the *second* time plaintiff sought damages for not being employed as Coos Bay Finance Director. Had this been plaintiff's first suit for relief, this Court would be more receptive to plaintiff's chilling effect argument. However, whereas here, plaintiff previously argued for damages based upon the same conduct, this Court is not persuaded that an award of costs will discourage future litigants from seeking an initial suit. *See, e.g.*, *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (finding that an award of $5,310.55 would not result in severe injustice or chill future litigation).

Second, as to plaintiff's financial resources, this Court "should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). Plaintiff's argument relies primarily on the economic disparity between the parties. However, unlike *Stanley*, there is no allegation that payment of costs would render plaintiff indigent. *See also Carroll v. Holder*, Civ. No. 09–3093–

2 – OPINION AND ORDER

CL, 2012 WL 1697031, at *2 – 3 (D. Or. Mar. 9, 2012) (awarding costs when plaintiff received monthly retirement benefits and her husband remained employed). Here, plaintiff merely alleges that she is making less money than she did previously. Plaintiff currently makes more than $90,000 per year, *see, e.g.*, Official Court Transcript 111, Nov. 1, 2011, Civil No. 6:09-cv-06257-AA, *Howard I*, ECF No. 119, and was previously awarded economic damages in the amount of $150,000 for her lost income and lost future income, *see* Opinion & Order 3, May 13, 2014, ECF No. 65. This Court is unwilling to refuse costs solely because one of the two defendants is a municipality.

Third, as to limiting costs, plaintiff seeks to exclude costs incurred for trial transcripts and expedited delivery of a deposition transcript. Plaintiff contends that trial transcripts were "not used for any exhibits in any motions." Pl.'s Objections to Defs.' Bill of Costs 4, ECF No. 68. Plaintiff's contention is factually inaccurate. *See, e.g.*, Opinion & Order 3, 11–12, 17–18, May 13, 2014, ECF No. 65; Decl. of Robert E. Franz, Jr. 1–2, ECF No. 45-7. Plaintiff also objects to a $177.55 fee for expedited delivery of Susanne Baker's deposition transcript. Deposition of Susanne Baker, like that of Rodger Craddock, was taken on November 19, 2013. However, unlike Craddock's deposition transcript, defendants requested and received Baker's deposition transcript via expedited delivery. Defendants used parts of both transcripts in their supplemental declaration in support of their reply to motion for summary judgment.

Defendants contend that they actually reduced costs by electing not to "order unnecessary transcripts at the time of deposition" and only ordered Baker's expedited transcript after evaluating plaintiff's response to summary judgment. Defs.' Mem. in Opp'n 4, ECF No. 69. This

3 – OPINION AND ORDER

Court, having reviewed plaintiff's response to summary judgment,[1] finds that allowance for a single expedited transcript is reasonable. *See also* Stanley, 178 F.3d at 1079 ("[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded.").

## CONCLUSION

For these reasons, defendants' motion for costs other than attorney's fees, ECF No. 67, is GRANTED. Defendants are awarded costs in the amount of **$2,125.80**.

IT IS SO ORDERED.

DATED this 12th day of June, 2014.

_____/s/ Michael J. McShane_____
**Michael J. McShane
United States District Judge**

---

[1] Plaintiff argued that Baker was less qualified than plaintiff for the vacant Finance Director position and disputed Baker's effective appointment date as Finance Director. *See, e.g.*, Pl.'s Resp. to Defs.' Mot. Summ. J. 2–4, 9–10, 14–15, 16, ECF No. 52.

4 – OPINION AND ORDER